## RYAN *v.* LEE.*

*(Circuit Court, E. D. Missouri.   March 22, 1882.)*

1. CIRCUIT COURT—JURISDICTION—PATENTS—ASSIGNMENTS—REV. ST. §§ 629, 4898.
   Where A. brought a suit in equity in a circuit court of the United States, and alleged in his bill that he had recovered a judgment against B., the defendant, in a state court for $52; that an execution had been issued; that the judgment remained unsatisfied; that B. had no property in the state subject to execution, but was the owner of certain letters patent issued to him by the government of the United States, and prayed the court to order B.'s interest in the patented invention sold, and the proceeds applied to the payment of said judgment,—*held*, that the case was not a suit " arising under the patent laws," within the meaning of section 629 of the Rev. St., and that the court had no jurisdiction.

In Equity.

The complainant alleged in his bill that he had recovered a judgment against the defendant, in a suit before a justice of the peace of the city of St. Louis, for the sum of $52 and costs; that execution had been issued, but that no property had been found subject thereto; that it was wholly fruitless; that the defendant owned no property subject to execution issued by any court of the state of Missouri; that said judgment and costs remained wholly unpaid, and that nothing could be recovered thereon through the ordinary processes of law; that the defendant was the inventor of a certain machine, for which he had obtained letters patent from the government of the United States, which he still owned.   The bill closed with a prayer that the court might grant an order directing that all the interest of the defendant in and to said letters patent might be sold, and that the proceeds of the sale be applied towards the payment of said judgment and the costs of this suit; that the defendant be ordered to make an assignment in writing of his interest in said invention to the purchaser at such sale, and that in case he refused to comply with the order of the court a trustee might be appointed with full power for, and instead of, the defendant, to make an assignment to the purchaser at such sale; and that a preliminary injunction might be granted to restrain the defendant from disposing of said patent during the pendency of the suit.   Shortly after the filing of the bill the complainant moved the court to grant his prayer for a preliminary injunction.   It was contended in his behalf that the court had jurisdiction of the suit under sections 629 and 4898, Rev. St., which

*Reported by B. F. Rex, Esq., of the St. Louis bar.

respectively provide that circuit courts shall have original jurisdiction "of all suits at law or in equity arising under the patent or copyright laws of the United States," and that every patent or any interest therein shall be assigned in law by an instrument in writing; and the patentee or his assignee, or legal representatives, may, in like manner, grant and convey an exclusive right under his patent to the whole or any specified part of the United States, etc.

*Paul Bakewell*, for complainant.

TREAT, D. J., (*orally*.) The parties to this suit are both citizens of the state of Missouri, and the amount of the demand is too small to bring the case within the jurisdiction of this court, even if they were citizens of different states. The mere fact that it is sought to acquire an interest in a patent by legal process, does not make the case one of a suit on a patent, so as to bring it under the provisions.

## NOTE.

The incorporeal right secured to an inventor or author by letters patent or a copyright, issued by the government of the United States, cannot be seized or sold under an execution. *Murray* v. *Ager*, (S. C. D. C. Jan. 1881,) 20 O. G. 1310; *Stevens* v. *Gladding*, 17 How. 450; *Stephens* v. *Cady*, 14 How. 528. Nor will the sale under execution of an instrument or machine, owned by the owner of a copyright or patent, transfer to the purchaser any right to use it in printing or manufacturing the thing copyrighted or patented. *Stevens* v. *Gladding* and *Stephens* v. *Cady*, *supra*. But a sale under an execution of a patented machine will transfer the right to use it. *Woodsworth* v. *Curtis*, 2 Wood & M. 530. And a patent or copyright will pass as assets to the owner's assignee in bankruptcy. *Hesse* v. *Stevenson*, 3 Bos. & Pul. 565; *Nias* v. *Adamson*, 3 B. & Ald. 225; *Coles* v. *Barrow*, 4 Taunt. 754.

As is above stated, neither a patent nor a copyright is the subject of seizure or sale by execution; but where the owner has no property subject to execution, a court of equity may compel a sale and assignment of a patent or copyright for the benefit of a judgment creditor. It may order a sale, and direct the debtor to assign his interest in the patent or copyright to the purchaser, and, in case of his refusal to do so, may appoint a trustee with authority to execute the assignment, (*Stephens* v. *Cady* and *Murray* v. *Ager*, *supra*;) or, where a receiver of the debtor's property has been appointed, it may compel an assignment to him, and order him to make the sale. *Pacific Bank* v. *Robinson*, (S. C. Cal.) 20 O. G. 1314; *Barnes* v. *Morgan*, 3 Hun. (N. Y.) 703; *Barnes* v. *Morgan*, 6 Thomp. & C. (N. Y.) 105. Suits to compel the sale and assignment of patents or copyrights are not suits "arising under the patent or copyright laws of the United States," and state courts of equity have jurisdiction of them. *Pacific Bank* v. *Robinson*, *supra*.          B. F. REX.